12-1896-cv
*Trafalgar Power, Inc., et al. v. Algonquin Power Corp. Inc., et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

TRAFALGAR POWER, INCORPORATED,

> *Plaintiff-Counter-Defendant-Appellant*,

MARINA DEVELOPMENT, INCORPORATED; CHRISTINE FALLS
OF NEW YORK, INCORPORATED,

> *Plaintiffs-Appellants*,

CHRISTINE FALLS CORPORATION,

> *Plaintiff-Counter-Defendant*,

> v.                                                            No. 12-1896-cv

ALGONQUIN POWER CORPORATION, INCORPORATED;
ALGONQUIN POWER INCOME FUND; ALGONQUIN POWER
FUND (CANADA), INCORPORATED,

> *Defendants-Counter-Claimants-Appellees*,

AETNA LIFE INSURANCE COMPANY,

       *Defendant.*

        

| | |
|---|---|
| **FOR MARINA DEVELOPMENT, INC.:** | JASON C. CYRULNIK (Edward J. Normand, *on the brief*), Boies, Schiller & Flexner LLP, Armonk, NY. |
| **FOR TRAFALGAR POWER, INC. & CHRISTINE FALLS OF N.Y., INC.:** | David M. Capriotti, Laura W. Smalley, Harris Beach PLLC, Pittsford, NY and Syracuse, NY. |
| **FOR ALGONQUIN POWER CORP., INC., ALGONQUIN POWER INCOME FUND & ALGONQUIN POWER FUND (CANADA), INC.:** | MITCHELL J. KATZ (Teresa M. Bennett, *on the brief*), Menter, Rudin & Trivelpiece, P.C., Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's April 3, 2012 judgment is **AFFIRMED**.

As we have stated, this "litigation stem[s] from a loan agreement initially entered into between [Trafalgar Power, Inc. and Aetna Life Insurance Co.], and Aetna's subsequent sale of the debt instruments that agreement created—an 'A' and a 'B' note—to [Algonquin Power Fund, Inc.; Algonquin Power Corporation, Inc.; and Algonquin Power Income Fund, Inc.]." *Christine Falls Corp. v. Algonquin Power Fund, Inc.*, 401 F. App'x 584, 586 (2d Cir. 2010). Although this litigation involves several consolidated actions and has spanned more than a decade, plaintiffs-appellants Trafalgar Power, Inc.; Marina Development, Inc.; and Christine Falls of New York, Inc. (jointly, "Trafalgar"), only ask us to determine whether the District Court erred in granting summary judgment on counterclaims brought by Algonquin Power Corporation, Inc.; Algonquin Power Income Fund; and Algonquin Power Fund (Canada), Inc. (jointly, "Algonquin"). In particular, Algonquin's counterclaims "seek a declaratory judgment that Trafalgar defaulted with respect to both the A and B Notes and, accordingly, that Algonquin was entitled to accelerate the balances due." *Id.* at 589.[1]

---

[1] As the District Court properly noted, the A Notes have been paid off, so only the B Notes are at issue.

Previously, the District Court had denied summary judgment on and dismissed Algonquin's counterclaims, *see Trafalgar Power Inc. v. Aetna Life Ins. Co.*, 396 B.R. 584, 596-97 (N.D.N.Y. 2008), but we vacated that judgment and directed the District Court to determine "whether (1) an event of default occurred within the meaning of the parties' various agreements, and (2) if so, whether Algonquin properly exercised its rights as the Note holder pursuant to those agreements," *Christine Falls Corp.*, 401 F. App'x at 589. On remand, the District Court answered both of these questions affirmatively and concluded that Algonquin was entitled to the declaratory relief it sought. *Trafalgar Power Inc. v. Aetna Life Ins. Co.*, Nos. 5:99-CV-1238, 5:00-CV-1246, 2012 WL 1119533, at *6 (N.D.N.Y. Apr. 3, 2012).

We assume the parties' familiarity with the background of this case and the issues on appeal.

## DISCUSSION

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).

After reviewing the record, we conclude that Trafalgar's arguments are without merit. Although we affirm substantially for the reasons stated by the District Court in its careful and comprehensive Memorandum Decision and Order dated April 3, 2012, we note briefly the three principal conclusions underlying our decision.

First, a close reading of the various contractual documents reveals that Trafalgar's failure to pay some of its corporate income taxes constituted an event of default.[2] Second, the record demonstrates that Trafalgar knew about the event of default, received actual and timely notice of the acceleration, and was not prejudiced in any way.[3] *See* Joint App'x 508-09, 5069-71; *see also Twenty-*

---

[2] Trafalgar's argument that Algonquin was required to pay these corporate income taxes on Trafalgar's behalf is meritless. While it is true that Algonquin, as operator of Trafalgar's hydroelectric power plants, was responsible for paying certain taxes (such as payroll taxes), the Management Agreement specifically and unambiguously states that Algonquin "shall not be responsible for federal income or state income or franchise taxes of [Trafalgar]." Joint App'x 99.

[3] It seems that the District Court confused Algonquin's notification obligation regarding the existence of an event of default and its notification obligation regarding the acceleration of the debt because it stated that, pursuant to section 7.2 of the Indenture, "Algonquin should have notified the Security Trustee of the Event of Default." Section 7.2 of the Indenture, however, only pertains to Algonquin giving notice to the Security Trustee to accelerate the debt. Furthermore, Trafalgar's reliance on section 9.1 of the Indenture to support its assertion that Algonquin should have notified the Security Trustee about the event of default is misplaced because that provision places no affirmative duty on Algonquin; instead, it simply requires that "[t]he Security Trustee shall give to [Trafalgar] and [Algonquin] written notice of each and every Event of Default *of which it shall become aware within ten* (10) days of becoming aware thereof." Joint App'x 471 (emphasis supplied). Accordingly, the existence of an event of default is not dependent upon Trafalgar receiving notice from the Security Trustee but exists independently of any such notice. *See id.* at 449 (noting that "[a]n

*Four Merrill St. Condo. Ass'n, Inc. v. Murray*, 902 A.2d 24, 29 (Conn. App. Ct. 2006) (noting that under Connecticut law (which applies to the relevant agreements), "[t]he modern approach to notice-giving attaches primary importance to actual notice and treats technical compliance with notice procedures as a secondary consideration"). Third, we agree with the District Court that Algonquin is entitled to the relief it seeks—namely, recourse to Trafalgar's stock—because Algonquin has recourse to the "Indenture Estate," which includes Trafalgar's stock. *See* Joint App'x 417, 915, 4923-25, 4935.

## CONCLUSION

We have considered all of Trafalgar's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's April 3, 2012 judgment granting summary judgment in favor of Algonquin on its counterclaims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

event of default . . . *shall exist*" in various circumstances) (emphasis supplied). In any event, because Trafalgar had actual notice regarding the event of default and Algonquin's decision to accelerate the debt, we conclude that the District Court correctly granted summary judgment in favor of Algonquin on its counterclaims.

4